IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY K. COCHRAN, #158760, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-1112-ID |
| ) | [WO] |
| ) | |
| SGT. ROGER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Stanley K. Cochran ["Cochran"], a state inmate. In this complaint, Cochran challenges actions taken against him during his confinement at the Alex City Community Based Facility.

Pursuant to the orders of this court, the defendants filed a written report, supported by relevant evidentiary materials, in which they address the claims for relief presented by Cochran. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. Specifically, these documents indicate that the defendants did not act in violation of Cochran's constitutional rights. The court thereafter issued an order directing Cochran to file a response in opposition to the defendants' written report. *Order of March 23, 2010 - Court Doc. No. 13*. The order advised Cochran that his failure to respond to the defendants' written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Moreover, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. In addition, Cochran

received an extension of time within which to file the requisite response - an extension which allowed him until May 12, 2010 to file his response. *Order of April 26, 2010 - Court Doc. No. 16*. As of the present date, Cochran has failed to file a response within the time set forth in this order. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Cochran is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Cochran has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Cochran's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before July 6, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements contained in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 21st day of June, 2010.

                                                /s/ Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE